**LaMonica Herbst & Maniscalco, LLP**
3305 Jerusalem Avenue, Suite 201
Wantagh, New York 11793
Ph. 516.826.6500
Adam P. Wofse, Esq.
Joseph S. Maniscalco, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
In re:                                                                      Chapter 7

      RICHMOND HOSPITALITY LLC,                        Case No. 22-40507-JMM

                                  Debtor.
-----------------------------------------------------------------x

**DEBTOR'S MOTION TO CONVERT CASE TO A CASE UNDER**
**CHAPTER 11 OF THE BANKRUPTCY CODE PURSUANT TO 11 U.S.C. § 706(a)**

TO:    THE HONORABLE JIL MAZER-MARINO
         UNITED STATES BANKRUPTCY JUDGE

Richmond Hospitality LLC, the debtor (the "Debtor"), in the above-captioned case under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code"), by its proposed counsel, LaMonica Herbst & Maniscalco, LLP, hereby submits this motion (the "Motion") to convert this case to one under Chapter 11 of the Bankruptcy Code, pursuant to sections 348 and 706(a) of the Bankruptcy Code, and Rules 1017(f)(2) and 9013 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and in support thereof, respectfully submits as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  The statutory predicates for the relief requested

1

herein are sections 348 and 706(a) of the Bankruptcy Code. The relief is also warranted under Bankruptcy Rules 1017(f)(2) and 9013.

## BACKGROUND

2. On March 16, 2022, the Debtor filed a petition under Chapter 7 of the Bankruptcy Code in this Court.

3. Robert J. Musso, Esq. was appointed as Interim Chapter 7 Trustee. The section 341 meeting is scheduled for April 25, 2022. By letter dated April 15, 2022, the Debtor advised the interim Trustee of its intention to convert the case to Chapter 11.

4. The Debtor filed its Schedules and Statement of Financial Affairs, and Amended Schedules and Statement of Financial Affairs [Docket Nos. 1 and 16].

5. The Debtor is a real estate hotel development owner and operator that was poised to develop a beautiful 80-room Best Western Vibe hotel in Staten Island. The Debtor borrowed money from Shaughnessy Capital, LLC in connection with that development. The relationship between the Debtor and the Lender was a traditional general contractor financing structure with weekly requisitions that were to be signed off and authorized before the Lender would advance funds.

## RELIEF REQUESTED

6. The Debtor seeks entry of an Order, pursuant to section 706(a) of the Bankruptcy Code, converting the Debtor's bankruptcy case from a case under Chapter 7 of the Bankruptcy Code to one under Chapter 11 of the Bankruptcy Code, so that the Debtor may remain in possession of its assets and estate, finish developing the subject hotel property, and successfully reorganize its financial affairs. The Debtor believes through the protections of the Bankruptcy Court and the breathing room necessary to formulate a plan of reorganization it can successfully

emerge from bankruptcy. Indeed, the development project is more than 70% complete with a substantial majority of all hard costs, mechanicals and HVAC systems in place.[1]

## BASIS FOR RELIEF REQUESTED

7. 11 U.S.C. § 706 governs the conversion of a Chapter 7 case to one under Chapter 11, and provides, in pertinent part, as follows:

> (a) The debtor may convert a case under this chapter to a case under chapter 11, 12, or 13 of this title at any time, if the case has not been converted under section 1112, 1208, or 1307 of this title. Any waiver of the right to convert a case under this subsection is unenforceable.
>
> . . .
>
> (d) Notwithstanding any other provision of this section, a case may not be converted to a case under another chapter of this title unless the debtor may be a debtor under such chapter.

11 .S.C. § 706.

8. An objecting party bears the burden of demonstrating, by a preponderance of the evidence, why a debtor should not be permitted to convert its case to Chapter 11 pursuant to section 706(a). In re FMO Associates II, LLC, 402 B.R. 546, 551 (Bankr. E.D.N.Y. 2009).

9. The Supreme Court, in Marrama v. Citizens Bank of Mass., 549 U.S. 365, 373 (2007), held that a case should be converted under section 706(a) unless the bankruptcy court determines that section 706(d) prohibits the debtor from being a debtor under the chapter of the Bankruptcy Code to which the debtor seeks to convert its case. In doing so, Marrama resolved the previous circuit split on whether section 706(a) accords a Chapter 7 debtor the absolute right to convert its case (here, in the context of converting a case to Chapter 13). Absent "atypical" or

---

[1] Obviously, the Debtor was hampered like the rest of the hospitality industry through the Covid-19 pandemic but as the economy opens it believes that a thriving hotel is plausible in the near future.

"extraordinary" bad-faith conduct, Section 706(a) affords honest but unfortunate debtors "an absolute right to convert their cases from Chapter 7." *See* In re First Conn. Consulting Grp., 579 B.R. 673, 682 (Bankr. D. Conn. 2018) *quoting* Marrama, 549 U.S. at 374.

10.     Although Marrama involved a conversion from Chapter 7 to Chapter 13, numerous courts have held that Marrama also applies to motions to convert to Chapter 11. See e.g. FMO Associates II, LLC, 402 B.R. at 551 ("The Court agrees with these cases and finds that Marrama applies in cases such as this where the debtor seeks to convert from Chapter 7 to Chapter 11."); In re Euro-American Lodging Corporation, 365 B.R. 421, 425 (Bankr. S.D.N.Y. 2007) (applying Marrama to a debtor seeking conversion to Chapter 11); In re Broad Creek Edgewater, LP, 371 B.R. 752, 757 (D.S.C. 2007) (Marrama applies equally in conversions to chapter 11 and chapter 13); In re George Love Farming, LC, 366 B.R. 170, 177-78 (Bankr. D. Utah 2007) (Marrama is instructive since the language of § 706 applies equally in conversion to chapter 13 or chapter 11); In re Broad Creek Edgewater, LP, 371 B.R. 752, 758 (Bankr. D.S.C. 2007); In re Irmen, No. 07 B 03103, 2008 WL 320484, at *3 (Bankr. N.D. Ill. Feb. 1, 2008; *In re* 10 Bears at Chiloquin, Inc., No. 06-62079-FRA7, 2007 WL 1673538, at *2 (Bankr. D. Or. June 6, 2007).

11.     Here, the Debtor is clearly entitled to convert its case to one under Chapter 11 of the Bankruptcy Code pursuant to section 706(a).  First, this case has not been previously converted.  Second, the Debtor is clearly a "person" eligible to be a Chapter 11 debtor under 11 U.S.C. § 109(a). The Debtor is a limited liability company, and LLCs fall under the definition of "corporation," which are "persons" included within § 101. Gilliam v. Speier (In re KRSM Props.), 318 B.R. 712 (B.A.P. 9th Cir. 2004); *see also* 2 Collier on Bankruptcy P 109.02 (16th 2022) (It is apparent that limited liability companies are "persons" under section 101.).

12. Indeed, the Debtor is a company that constitutes one of the *vast majority* of "honest" and "unfortunate" debtors that file for bankruptcy and should be given an opportunity to reorganize. *See* Marrama 549 U.S. at 374 (emphasis added). The Debtor's goal in converting this case to Chapter 11 is to reorganize its business and maximize the return to its creditors, which is a fundamental purpose of a Chapter 11 proceeding. As such, Congress "sought to give [debtors] the chance to repay their debts should they acquire the means to do so." Id. Moreover, it is generally recognized that courts will or should not even go the length of reviewing every motion to convert to determine the existence of grounds to deny the motion. In re FMO Associates II, LLC, 402 B.R. 546, 551 (Bankr. E.D.N.Y. 2009); *see also* In re Broad Creek Edgewater, LP, 371 B.R. 752, 758 (Bankr. D.S.C. 2007) (reaffirming that the role of the court is to hear disputes raised by the parties, and that the burden remains on the objecting party). Therefore, the Debtor has the statutory right to convert this case and should be given its chance to rehabilitate its financial affairs.

13. Unless the Court otherwise directs, a hearing is not required, as the Motion is not considered a contested matter[2] and the only issue to be determined – whether the Debtor is eligible for relief under Chapter 11 – is readily apparent from the record (stating that procedure for converting a case pursuant to section 706(a) of the Bankruptcy Code is governed by Bankruptcy Rule 1017(f)(2)). See In re Source Enterprises, Inc., 2006 WL 3253480, at *3 (Bankr. S.D.N.Y 2006) (stating that procedure for converting a case pursuant to section 706(a) of the Bankruptcy Code is governed by Bankruptcy Rule 1017(f)(2)); *see also* Fed. R. Bank. P. 1017 Advisory Committee Notes on 1987 Amendments ("Conversion or dismissal under these

---

[2] *See* 1987 Advisory Committee Note to Bankruptcy Rule 1017.

sections is initiated by the filing and serving of a motion as required by Rule 9013. No hearing is required on these motions unless the court directs.").

## CONCLUSION

**WHEREFORE**, for all the foregoing reasons, the Debtor seeks entry of an order converting this bankruptcy case to a case under Chapter 11 of the Bankruptcy Code, and granting such other and further relief as the Court deems just and proper.

Dated: Wantagh, New York
       April 18, 2022

                              **LaMonica Herbst & Maniscalco, LLP**
                              Proposed Chapter 11 Attorneys for the Debtor

                              By:    */s/ Adam P. Wofse*
                                       Adam P. Wofse, Esq.
                                       Joseph S. Maniscalco, Esq.
                                       3305 Jerusalem Avenue, Suite 201
                                       Wantagh, NY 11793
                                       Ph. 516.826.6500